# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| JORDAN M. HENSLEY, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:13-CV-1248 PS |
| SUPERINTENDENT, | ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This habeas corpus case (DE 1) was filed by Jordan M. Hensley, a *pro se* prisoner, challenging the prison disciplinary proceeding (WCC 13-05-337) held by the Disciplinary Hearing Body (DHB) at the Westville Correctional Facility on June 11, 2013. At that hearing, he was found guilty of Attempted Assault/Battery in violation of A111/102. He was sanctioned with the loss of 365 days earned credit time and demoted to Credit Class 3. The Respondent has filed a response (DE 8) and Hensley filed his reply (DE 9). This case is now fully briefed.

Hensley lists four grounds for relief which the respondent describes as merely being different ways of arguing that there was insufficient evidence for finding him guilty. Hensley does not dispute this characterization and I agree with it. Thus, Hensley's sole ground for relief in this case is that there was insufficient evidence to have found him guilty. However, "the findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652

(7th Cir. 2000) (quotation marks and citations omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here.

In the conduct report, Officer M. Hayes wrote that during an interview, Hensley admitted "he had paperwork (Threat on Huff's life) thru the Aryan Brotherhood organization." DE 8-1. Hensley's admission that he had a gang contract to kill Huff is sufficient to support finding him guilty. Moreover, the officer's testimony is corroborated by a telephone recording of Hensley telling his father that "'WE' (Aryans) are going to 'kill' Huff, Lonnie 145364 (Confirmed [Aryan Brotherhood] EX-President) if he comes back to Westville." (DE 8-1). Though Hensley argues that no one was actually assaulted or battered, he was not found guilty of having succeeded, he was found guilty of having conspired, planned, and attempted. Here, there is some evidence that Hensley participated in the Aryan Brotherhood's decision to target Huff for a gang hit because he was a snitch (DE 8-3) who had crossed Hensley in the past. (DE 8-1). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

Hensley argues that the conduct report inaccurately described Huff as a civilian when he was actually in federal custody. However, this is a distinction without a difference. The charges against Hensley were not contingent on whether Huff was a prisoner, a civilian, or a guard. He was a person against whom Hensley held a contract for a gang hit. That is all that mattered. Hensley argues that a letter he wrote to Jacob

2

Fouts only asked him to look at a Facebook page – not to kill Huff. However, even if true, that does not undermine that evidence that he also participated in the Aryan Brotherhood's decision to place a gang contract out to have Huff killed. Finally, Hensley argues that during his phone call to his father, he only threatened to kill Huff – he did not attempt to kill him. However, during the call he confirmed that it was not merely him that was going to kill Huff, but all of the Aryan's who were in agreement that Huff would be killed. Thus, even though no attempt was made during the call, it was nevertheless an admission that Hensley was conspiring with others to kill Huff and that the Aryan Brotherhood had taken formal steps to do so. In deciding whether there was sufficient evidence, I do not re-weigh the evidence. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Rather, I merely examine the record to determine whether there is some evidence pointing to the accused's guilt. *See Webb*, 224 F.3d at 652. Here, there is sufficient evidence that Hensley was guilty and habeas corpus relief will be denied.

For the foregoing reasons, the writ of habeas corpus is **DENIED** and this case is **DISMISSED**.

**SO ORDERED**.

ENTERED: August 6, 2015.

s/Philip P. Simon  
Chief Judge  
United States District Court

3